UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KATHERINE BOMMARITO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:11CV423 FRB |
| | ) |
| THOMAS J. VILSACK, Secretary, | ) |
| United States Department of | ) |
| Agriculture, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Motion For Leave To Amend filed by plaintiff. (Docket No. 10/filed February 9, 2012). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Proceeding pro se, plaintiff Katherine Bommarito filed her complaint in this Court on March 9, 2011, alleging that she suffered discrimination in her employment with the United States Department of Agriculture (also "USDA"), Centralized Servicing Center, in Saint Louis, Missouri. Plaintiff names Thomas Vilsack, in his official capacity as the Secretary of the USDA, as the only defendant.

On May 5, 2011, defendant filed a motion to dismiss plaintiff's complaint. (Docket No. 3). More than five months later, after considering defendant's arguments and noting that plaintiff had not responded to defendant's Motion within the time

permitted, the undersigned issued an order explaining the defendant's position and directing plaintiff to respond to defendant's motion within a certain period of time. (Docket No. 5/filed October 12, 2011). That order specified that plaintiff was permitted to file an amended complaint within the specified time period, should she wish to do so. See Id. On October 25, 2011, plaintiff filed a motion for an extension of time in which she acknowledged the arguments that defendant presented in his motion to dismiss, and indicated that she needed "more time to gather information that was not provided to her." (Docket No. 6). On October 26, 2011, the undersigned granted plaintiff's request for an extension, giving her until November 9, 2011, to respond and/or file an amended complaint. (Docket No. 7). On November 9, 2011, plaintiff filed a written response to defendant's motion to dismiss, arguing that defendant was mistaken and confused about the law. (Docket No. 8). Plaintiff did not file a proposed amended complaint, nor did she at that time seek leave to amend her complaint or give any indication that she wished to do so.

In the instant motion, filed on February 9, 2012, plaintiff seeks leave of court to file an Amended Complaint, and describes her proposed amendments in one phrase, stating that she would allege two new claims: conspiracy and concert of action. Plaintiff does not set out a statutory nor a factual basis for the claims, and makes no attempt to identify the allegedly wrongful acts and/or responsible parties. Noting that permission for leave to amend may be denied in cases involving futility, undue delay,

bad faith, dilatory motive, or prejudice to the opposing party, plaintiff states, in a conclusory fashion, that none of those factors are present and that leave to amend should be granted. Plaintiff makes no attempt to explain why she waited until February 9,2012 to seek leave to amend her complaint, or why she did not do so within the generous time that had previously been allotted by the court. Plaintiff also failed to submit a proposed amended complaint. Defendant has filed a response in opposition to the instant motion.

Leave to amend should be freely granted when justice so requires. Fed. R. Civ. P. 15(a); see also Popp Telecom v. Am. Sharecom, Inc., 210 F.3d 928, 943 (8th Cir. 2000) (internal citations omitted) (leave to amend should be granted absent a good reason for denial). Good reasons for denial of leave to amend include undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the nonmoving party, or futility of the amendment. Becker v. Univ. of Neb., 191 F.3d 904, 907-08 (8th Cir. 1999) (quoting Brown v. Wallace, 957 F.2d 564, 566 (8th Cir.1992)). In addition, the Eighth Circuit has held that it is appropriate to deny leave to amend a complaint when a proposed amendment was not submitted with the motion. Popoalii v. Correctional Medical Services, 512 F.3d 488, 497 (8th Cir. 2008).

Plaintiff's motion for leave to amend her complaint should be denied. While the undersigned recognizes plaintiff's pro se status and holds her pleadings to a less stringent standard than

pleadings drafted by attorneys, <u>Ellis v. Butler</u>, 890 F.2d 1001, 1003 (8th Cir. 1989) (citing <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972)), plaintiff is not excused from proceeding according to the Federal Rules of Civil Procedure. See <u>McNeil v. United States</u>, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"). As defendant correctly notes, plaintiff failed to submit with her motion a proposed amended complaint. The Federal Rules of Civil Procedure require that motions are to be made in writing; state the grounds for the motion with particularity; and set forth the relief or order sought. Fed. R. Civ. P. 7(b). "The particularity requirement of Rule 7(b) is met by submitting a proposed amendment with the motion for leave to amend the complaint." <u>Wolgin v. Simon</u>, 722 F.2d 389, 394 (8th Cir. 1983) (citing 6 C. Wright & J. Miller, Federal Practice & Procedure § 1485 at 421-22 (1971)). Plaintiff did not submit a proposed amended complaint with her motion, nor does her motion contain any specific information regarding what her amended complaint would contain. As defendant correctly states, amendment under these circumstances would be inappropriate.

There exist many other reasons to deny plaintiff's motion for leave to amend. First, she offers no rationale for why she has waited nearly one year to seek to amend her complaint, or why she did not seek to amend her complaint when she was previously given leave to do so. In the instant motion, she offers no rationale for

the long delay in seeking leave to amend, nor does examination of the record reveal a potential logical rationale.  As explained, when plaintiff initially failed to respond to defendant's motion to dismiss, the undersigned entered an order explaining to plaintiff the arguments defendant presented in his motion to dismiss and granting her a generous period of time in which to respond to the motion including, if she desired, filing an amended complaint.  Plaintiff did not file an amended complaint at that time, nor did she indicate a desire to do so.  The undersigned finds that this amounts to undue delay on plaintiff's part.  See Becker, 191 F.3d at 907-08.

In addition, as defendant argues in opposition to plaintiff's motion, plaintiff's motion for leave to amend should be denied because the amendments she suggests (conspiracy and concert of action) would be futile.  Permission for leave to amend may be withheld when, inter alia, plaintiff lacks a colorable ground for relief.  See Doe v. School District of the City of Norfolk, 340 F.3d 605, 615-16 (8th Cir. 2003).  Before bringing an employment discrimination claim in federal court, a federal employee must exhaust her administrative remedies by filing a complaint with the appropriate Equal Employment Opportunity (also "EEO") office representative or agency.  See Ballard v. Rubin, 284 F.3d 957, 964 n. 6 (8th Cir. 2002) (citation omitted)("[a]dministrative remedies must be exhausted before a federal employee may bring an employment discrimination claim against a federal employer").  While plaintiff indeed filed an EEO complaint against defendant, that complaint did

not contain allegations of conspiracy or concert of action. Instead, in her EEO complaint, plaintiff complained of "age, race and despaired [sic] treatment" (Docket No. 3, Attachment 1) and harassment based upon age and race which was allegedly illustrated by the following eight events: (1) plaintiff was suspended from October 20, 2008 through November 2, 2008; (2) on October 7, 2008 plaintiff was informed that her alternative work schedule was being suspended effective October 12, 2008 and she was given a new work schedule; (3) on August 12, 2008 plaintiff received a letter of warning regarding her frequent tardiness and abuse of her alternative work schedule; (4) from August 5 through 11, 2008, plaintiff was suspended without pay; (5) on June 3, 2008, plaintiff was charged with 45 minutes of being absent without leave; (6) on May 27, 2008, plaintiff was charged with three hours of being absent without leave; (7) on May 12, 2008, plaintiff was given one month to stop operating a snack/soda simulated store; and (8) on April 16, 2008, plaintiff was issued a letter of warning. (Docket No. 3, Attachment 7). Read in the most liberal manner, plaintiff's EEO complaint did not contain the charges she mentions in her motion for leave to amend, and the undersigned therefore concludes that such amendments would be futile. See Ballard, 284 F.3d at 964 n. 6. ("Administrative remedies must be exhausted before a federal employee may bring an employment discrimination claim against a federal employer").

Similarly, because plaintiff is seeking to advance these two claims for the very first time, defendant would be subjected to

undue prejudice were he required to answer them at this late date. Permission for leave to amend may properly be denied when it would unduly prejudice the opposing party. <u>Doe</u>, 340 F.3d at 616.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that the Motion For Leave To Amend filed by plaintiff (Docket No. 10) is denied.

_____
Frederick R. Buckles
UNITED STATES MAGISTRATE JUDGE

Dated this 9th day of March, 2012.