UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KATHERINE BOMMARITO,              )
                                  )
          Plaintiff,              )
                                  )
     v.                           )   Case No. 4:11CV423 FRB
                                  )
THOMAS J. VILSACK, Secretary,     )
United States Department of       )
Agriculture,                      )
                                  )
          Defendant.              )

**MEMORANDUM  AND  ORDER**

This matter is before the Court on Defendant's Motion To
Dismiss (Docket No. 3), in which defendant seeks dismissal of
plaintiff's Complaint pursuant to Rule 12(b)(6) and, alternately,
12(b)(1) of the Federal Rules of Civil Procedure.  All matters are
pending before the undersigned United States Magistrate Judge, with
consent of the parties, pursuant to 28 U.S.C. § 636(c).

Proceeding pro se, plaintiff Katherine Bommarito brings
this action pursuant to the Americans With Disabilities Act of
1990, as amended, 42 U.S.C. §§ 12101, et seq., (also "ADA").[1] In
her complaint, plaintiff alleges that she suffered discrimination
in her employment with the United States Department of Agriculture
(also "USDA"), Centralized Servicing Center, in Saint Louis,
Missouri.  Plaintiff names Thomas Vilsack, in his official capacity

_____

[1]Plaintiff's Complaint is a fill-in-the-blank style form which lists
several federal statutes Plaintiff may select as the basis for her cause of
action.  The form does not limit the number of allowable selections.  The ADA is
included in the list, as is the Rehabilitation Act of 1973, as amended, 29 U.S.C.
§§ 701 et seq.  Plaintiff selected only the ADA.

- 1 -

as the Secretary of the USDA, as the only defendant.

In the instant motion, defendant argues that plaintiffs complaint alleging claims under the ADA should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that it fails to state a claim for which relief can be granted. Defendant also argues that, to the extent plaintiff's complaint alleges claims under the Family Medical Leave Act ("FMLA"), it should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on the grounds that this Court lacks subject matter jurisdiction.

When five months elapsed after the filing of defendant's motion and there was no response from plaintiff, this Court entered an order noting defendant's position and directing plaintiff to either respond to the motion or file an amended complaint. After seeking and being granted an extension of time, plaintiff filed a memorandum in opposition to defendant's motion. Defendant filed a reply addressing plaintiff's response, and the time for plaintiff to file a sur-reply has expired. Plaintiff filed an untimely motion to amend her complaint which the court has denied.

## I.   Background

The facts alleged in plaintiff's complaint occurred while she was employed as a tax processor in the Rural Development division of the USDA, Centralized Servicing Center, in Saint Louis, Missouri. In her complaint, plaintiff indicated that the discrimination forming the basis for her lawsuit occurred on the morning of March 18, 2008. (Docket No. 1 ("Complaint") at 3). In

a subsequent narrative, plaintiff described discriminatory conduct occurring in January of 2011.[2]   (Id. at 6).   Plaintiff specified that the conduct complained of in her lawsuit involved: (1) failure to accommodate her disability; (2) retaliation; and (3) harassment. (Id. at 4).   In addition, Plaintiff included the following narrative:

> failure to honor, FMLA, Supervisor Monti Stewart failed to submitt [sic] my FMLA form.  And when approved I was given AWOL.   I was in hospital, given AWOL & then suspended for [sic]
>
> I was harrassed [sic], given AWOL - Suspendend [sic] for having AWOL.  Supervisor Monti Steward failed to submitt [sic] my FMLA.  A when [sic] approved I was given AWOL. I was in hospital, had FMLA & dr note.  Was given AWOL & then suspendend [sic] for having AWOL.
>
> They made up lies and gave me eronious errors [sic]. Confronted me out on the floor in front of the rest of the employees.  They had employees watch my every move. They harrassed [sic] me until I was sick.  Ended up in hospital then sick leave for 4 months which they tormented me on when I was returning.  When I returned I was suspended again.
>
> Then finally 5/09 the front office stepped in & moved me to another department.
>
> I have never recovered from the hostal [sic] work environment I worked in for 1½ yrs.
>
> Toni Carter tried again to harass me in Jan, 2011 by sending an email to my branch chief Ron Bolen.
>
> (Id. at 4-6).

Plaintiff states that she has filed a charge of discrimination against defendant with the Equal Employment

---

[2]Plaintiff also referred to the date "5/09." (Complaint at 6).  Plaintiff does not allege that any discriminatory conduct took place on that date, but instead identified it as the time that the "front office" "finally" "stepped in" and moved her to a different department. (Id.)

Opportunity Commission.  Plaintiff does not indicate whether she
has filed a charge of discrimination with the Missouri Commission
on Human Rights.  Plaintiff claims that the discrimination is
continuing, and seeks restoration of leave time plus an additional
160 hours of leave, payment of medical and dental bills,
compensation for lost property and funds of her business "Soaring
Eagles, LLC" plus $30,000,000.00.  (Complaint at 7).

On approximately August 6, 2008, plaintiff filed an Equal
Employment Opportunity ("EEO") complaint of discrimination against
the Rural Development division of the USDA, RD-2008-00700, alleging
discrimination based upon "age, race, despaired [sic] treatment."
(Docket No. 3, Attachment 1, at 1).  Included with plaintiff's EEO
complaint were many pages of documentation centering around a June
12, 2008 letter from the USDA to plaintiff advising her that it had
been proposed that she be suspended due to several instances of
discourteous conduct, failure to follow instructions,
misrepresentation of time, and one instance of absence without
leave ("AWOL").  On October 19, 2008, plaintiff submitted a letter
amending her original complaint of discrimination.  (Docket No. 3,
Attachment 5).  Therein, plaintiff complained that "management is
giving [her] errors that don't exist," that someone stole her
calendar book containing her documentation, that she was subjected
to discipline in front of other employees, that the discriminatory
conduct adversely affected her health and that her time away from
work was not being properly classified.  (Id.)  In a letter dated
January 29, 2009, the Division Chief of the Employment Complaints

- 4 -

Division of the USDA advised plaintiff that her amendment had been accepted.   Plaintiff's EEO complaint included no reference to discriminatory conduct occurring on March 18, 2008, or in January of 2011 or May of 2009.

On October 12, 2011, after considering defendant's arguments and noting that plaintiff had not responded to defendant's Motion within the time permitted, the undersigned issued an Order directing plaintiff to respond to defendant's motion, and stated that she was permitted to file an amended complaint should she so desire. (Docket No. 5).  On October 25, 2011, plaintiff filed a Motion for an extension of time in which she acknowledged the arguments presented by defendant in the instant motion, and indicated that she needed "more time to gather information that was not provided to her." (Docket No. 6).   On October 26, 2011, the undersigned granted plaintiff's request for an extension.  (Docket No. 7).   On November 9, 2011, plaintiff filed a written response to defendant's motion, arguing that defendant was mistaken and confused about the law.  (Docket No. 8). At that time, plaintiff did not file an amended complaint, nor did she indicate that she wished to do so.   On February 9, 2012, plaintiff filed an untimely motion to amend her complaint which the court has denied.

## II.  Legal Analysis

A.   Motion To Dismiss Pursuant To Rule 12(b)(6)

Defendant argues that plaintiff's complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure.  In support, defendant argues that plaintiff has failed
to state a claim upon which relief can be granted because plaintiff
is attempting to bring a lawsuit under the ADA against an arm of
the United States Government, which is specifically excluded from
suit under the ADA.  Defendant raised this argument in his motion
to dismiss.  When Plaintiff did not respond to defendant's motion
within the time allowed, the undersigned entered an order noting
defendant's position and instructing plaintiff to file a response,
and also giving plaintiff leave to file an amended complaint should
she wish.  In her response dated November 9, 2011, plaintiff did
not indicate any desire to amend her complaint, but instead
defended her decision to file suit under the ADA, stating that
defendant was mistaken and confused about the law.

When reviewing a motion to dismiss for failure to state
a claim under Fed. R. Civ. P. 12(b)(6), the Court must accept as
true all factual allegations contained in the complaint, and review
the complaint to determine whether its allegations show that the
pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550
U.S. 544, 555-56 (2007); Fed. R. Civ. P. 8(a)(2).  The purpose of
a motion to dismiss for failure to state a claim is to test the
legal sufficiency of the challenged claim.  A claim must be
dismissed under Rule 12(b)(6) if it does not plead "enough facts to
state a claim to relief that is plausible on its face." Twombly,
550 U.S. at 570 (abrogating the "no set of facts" standard set
forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  "A claim
has facial plausibility when the plaintiff pleads factual content

- 6 -

that allows the court to draw the reasonable inference that the
defendant is liable for the misconduct alleged." Ashcroft v.
Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (citing Twombly,
550 U.S. at 570).

Because Plaintiff is a pro se litigant, the undersigned
has held her pleadings to a "less stringent [standard] than formal
pleadings drafted by lawyers." Ellis v. Butler, 890 F.2d 1001,
1003 (8th Cir. 1989) (citing Haines v. Kerner, 404 U.S. 519, 520
(1972)). Even so, Plaintiff's pro se status does not excuse her
from proceeding in accordance with the Federal Rules of Civil
Procedure, see McNeil v. United States, 508 U.S. 106, 113 (1993)
("[W]e have never suggested that procedural rules in ordinary civil
litigation should be interpreted so as to excuse mistakes by those
who proceed without counsel"); nor does her pro se status relieve
her of her obligation to allege her claims pursuant to a legal
theory under which she is entitled to relief. See Stone v. Harry,
364 F.3d 912, 914 (8th Cir. 2004) (citation omitted)(pro se
litigants must set forth their claims in a manner which, taking the
pleaded facts as true, states claims as a matter of law).

The defendant in this case is an arm of the federal
government. As defendant correctly asserts, the ADA does not
provide for a cause of action for employment discrimination against
the federal government. See 42 U.S.C. § 12111(5)(B)(i) (for ADA
purposes, "employer" does not include the United States); see also
Carroll v. Potter, 163 F. Appx 450, 450-51 (8th Cir. 2006) (per
curiam) (citation omitted) ("[W]e agree with the district court

- 7 -

that [plaintiff] could not file suit under the ADA to redress
alleged discrimination occurring during his tenure as a federal
employee ...”); Henrickson v. Potter, 327 F.3d 444, 446 (5th Cir.
2003) (“[T]he ADA ... does not permit discrimination actions
against the federal government”).  There is no support for
plaintiff's contention that defendant is mistaken and confused
about the law.  While aggrieved employees are permitted to file
suit against employers, the ADA specifically excludes the federal
government from the definition of “employer.”  See Id.

          At all times relevant to the instant complaint, plaintiff
was a federal employee who held a responsible job.  Plaintiff's
pleadings, and all of her written correspondence associated with
her administrative complaint, demonstrate her ability to understand
concepts of legal and factual complexity, and also demonstrate her
ability to present her claims and her arguments in support thereof
in a thorough, logical fashion.  Despite plaintiff's demonstrated
ability to understand the concepts involved in this case, and
despite the fact that she was given notice regarding the
defendant's assertion that the ADA was not applicable to her
claims, was granted leave to amend her complaint, and ample time to
do so, plaintiff chose not to seek to amend her complaint to change
the basis of her lawsuit.  However, recognizing that a court should
reject a plaintiff's legal theory of her case and re-characterize
it in light of the factual allegations in order to save the
complaint from dismissal pursuant to Rule 12(b)(6), the undersigned
will also consider plaintiff's complaint as though she had brought

her claims pursuant to the Rehabilitation Act.   See Thomas W. Garland v. City of St. Louis, 596 F.2d 784, 787 (8th Cir. 1979) (explaining that court is under a duty to reject the plaintiff's legal theory of case and re-characterize it in light of factual allegations in order to save the complaint from a motion to dismiss under Rule 12(b)(6)).

    B.    Rehabilitation Act

         Having done so, and having considered plaintiff's complaint in the light most favorable to her and construed her complaint liberally in view of her pro se status, plaintiff's complaint must be dismissed because she failed to exhaust her administrative remedies as to the claims she brings therein. Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a), provides that "[n]o otherwise qualified individual with a disability ... shall, solely by reason of his or her disability ... be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency." Even so, a federal employee must first exhaust her administrative remedies by filing a complaint with the appropriate Equal Employment Opportunity office representative or agency before bringing an employment discrimination claim in federal court pursuant to the Rehabilitation Act. See Ballard v. Rubin, 284 F.3d 957, 964 n. 6 (8th Cir. 2002) (citation omitted)("[a]dministrative remedies must be exhausted before a federal employee may bring an employment discrimination claim against a federal employer"). Failure to exhaust administrative

- 9 -

remedies is an affirmative defense that a defendant must prove. See Miller v. Runyon, 32 F.3d 386, 388 (8th Cir. 1994).

In the instant complaint, plaintiff alleges claims of disability discrimination, retaliation and harassment, and an apparent claim of gender discrimination, and specifies that the discrimination took place the morning of March 18, 2008. (Complaint at 3). Plaintiff also includes a narrative which mentions discrimination occurring in January of 2011. (Id. at 6).[3] In support of the contention that plaintiff failed to exhaust her administrative remedies, defendant argues that plaintiff's EEO complaint, as amended, focuses upon her allegations of race and age discrimination allegedly illustrated by the following eight events: (1) plaintiff was suspended from October 20, 2008 through November 2, 2008; (2) on October 7, 2008 plaintiff was informed that her alternative work schedule was being suspended effective October 12, 2008 and she was given a new work schedule; (3) on August 12, 2008 plaintiff received a letter of warning regarding her frequent tardiness and abuse of her alternative work schedule; (4) from August 5 through 11, 2008, plaintiff was suspended without pay; (5) on June 3, 2008, plaintiff was charged with 45 minutes of being absent without leave; (6) on May 27, 2008, plaintiff was charged with three hours of being absent without leave; (7) on May 12, 2008, plaintiff was given one month to stop operating a snack/soda simulated store; and (8) on April 16, 2008, plaintiff was issued a

_____

[3]While plaintiff's narrative also includes the date "5/09," this reference appears to be to a date on which the "front office" took remedial action on plaintiff's behalf. See (Complaint at 6).

- 10 -

letter of warning.  (Docket No. 3, Attachment 7).[4]  Plaintiff does not challenge defendant's argument regarding the subject matter of her EEO complaint.

Failure to exhaust administrative remedies is fatal in the context of a lawsuit filed under the Rehabilitation Act. McAlister v. Secretary of the Department of Health and Human Services, 900 F.2d 157, 158 (8th Cir. 1990); see also Ballard v. Rubin, 284 F.3d 957, 964 n. 6 (8th Cir. 2002) ("Administrative remedies must be exhausted before a federal employee may bring an employment discrimination claim against a federal employer").  In her EEO complaint, plaintiff complained of "age, race and despaired [sic] treatment," which are different claims than those alleged in the complaint filed in this Court.  In addition, plaintiff's EEO complaint does not mention a March 18, 2008 incident, a January 2011 incident, or a May 2009 department transfer.

The claims plaintiff attempts to bring in the complaint filed in this Court are different from those she asserted in her EEO complaint.  The undersigned therefore determines that she failed to exhaust her administrative remedies, and her complaint

---

[4]Generally, in analyzing a motion to dismiss filed under Rule 12(b)(6) of the Rules of Civil Procedure, courts are required to disregard matters outside the pleadings, but may consider some public records, materials that do not contradict the complaint, or materials that are "necessarily embraced by the pleadings" without converting the motion to dismiss into a motion for summary judgment. Noble Systems Corp. v. Alorica Central, LLC, 543 F.3d 978, 982 (8th Cir. 2008) (citing Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999)).  Courts may also consider materials comprising an administrative record without converting the motion to dismiss into a motion for summary judgment. See Deerbrook Pavilion, LLC v. Shalala, 235 F.3d 1100, 1102 (8th Cir. 2000) (court may consider administrative record in ruling on motion to dismiss without converting it into a motion for summary judgment).  Accordingly, the undersigned's consideration of the materials comprising plaintiff's EEO complaint do not necessitate conversion of the instant motion into a motion for summary judgment.

should be dismissed.    See McAlister, 900 F.2d at 158; see also
Ballard, 284 F.3d 957, 964 n. 6.

     C.   Family Medical Leave Act

        In her response to the instant motion, plaintiff filed a
memorandum entitled "Response To Defendant's Motion To Dismissal"
in which she attempts to re-characterize the allegations in her
complaint.    Plaintiff writes: "[i]n her seven-page Complaint,
Plaintiff indicated her lawsuit was based upon the Family Medical
Leave Act of July 23, 1993, 5 CFR Part 630.1201 & 1202 and that the
discrimination forming the basis for her lawsuit occurred in the
years of 2008 and 2009."   (Docket No. 8 at 1).   Plaintiff also
writes "[p]laintiff's law suit also alleges age discrimination and
gender."   (Id. at 5).  Nowhere in her November 9, 2011 response did
plaintiff indicate that she wished to amend her complaint, nor did
she attach a proposed amended complaint.

        Because plaintiff's complaint is devoid of any reference
to her age, the undersigned declines to construe plaintiff's
complaint as alleging a claim of age discrimination.   Federal Rule
of Civil Procedure 15(a)(2) requires leave of court to amend a
complaint after a responsive pleading has been filed.    To
effectively request leave to amend, a party must submit a proposed
amended complaint.   See Novastar Financial Inc., Securities
Litigation, 579 F.3d 878, 884 (8th Cir. 2009) (denying leave to
amend complaint when plaintiff merely included a footnote in
response to a motion to dismiss requesting an opportunity to
amend).  Merely stating in a response to a motion to dismiss that

- 12 -

the complaint alleged something that it in fact did not allege is insufficient to effectively amend a complaint to add that claim. See Id. Construing plaintiff's complaint liberally, the undersigned declines to conclude that plaintiff alleged a claim of discrimination based upon her age. This conclusion is bolstered by plaintiff's demonstrated ability to understand the complexities involved in this lawsuit, and the fact that she declined to amend her complaint despite being given leave and ample time to do so.

Even though plaintiff specified that her lawsuit was based upon the ADA, she did reference "failure to honor, FMLA" in her narrative. Noting plaintiff's pro se status, her complaint could conceivably be construed to allege a claim under the FMLA. However, even assuming arguendo that plaintiff's complaint does allege a FMLA claim, such a claim could not lie against this defendant because the United States has not waived its sovereign immunity for cases brought pursuant to the FMLA.

In her response to defendant's motion, plaintiff argues that Title II of the FMLA provides covered federal employees with entitlement, and that defendant willfully violated the FMLA statute. Defendant argues that plaintiff, as a federal employee, does not have a cause of action under the FMLA. However, even assuming that plaintiff did properly allege a claim of FMLA violation against defendant, plaintiff's complaint remains subject to dismissal because federal employees are not granted a cause of action under FMLA. "Although the United States Court of Appeals for the Eighth Circuit has never considered whether federal

employees were granted a cause of action under Title II of the FMLA, the Fourth, Ninth, Eleventh, and Federal Circuits have all held that federal employees may not bring suits based on FMLA violations." <u>Moynihan v. Gutierrez</u>, 2007 WL 2885342, 3 (E.D. Mo. 2007) (<u>citing</u> <u>Mann v. Haigh</u>, 120 F.3d 34, 37 (4th Cir. 1997); <u>Russell v. United States Dept. of the Army</u>, 191 F.3d 1016, 1019 (9th Cir. 1999); <u>Cavicchi v. Secretary of the Treasury</u>, 2004 WL 4917357 (11th Cir., October 15, 2004); <u>Boqumill v. Office of Personnel Management</u>, 1998 WL 486754, 1 (Fed. Cir., August 13, 1998). As plaintiff suggests in her response, she was a federal employee who fell under the protections granted by Title II of the FMLA. (Docket No. 8 at 1). Plaintiff does not argue, nor does the record support the conclusion, that she was a Title I employee. Congress has not unequivocally waived the sovereign immunity of the United States in Title II of the FMLA. The undersigned agrees with the circuits cited, <u>supra</u>, that the absence of an express waiver of sovereign immunity by the government precludes any claim plaintiff may have asserted under the FMLA. Because sovereign immunity has not been waived, plaintiff has failed to allege facts upon which this court may base jurisdiction pursuant to the FMLA. Therefore, to the extent plaintiff's complaint can be construed to allege claims pursuant to the FMLA, it must be dismissed pursuant to rule 12(b)(1) of the Federal Rules of Civil Procedure.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion To Dismiss

- 14 -

(Docket No. 3) is granted.

**IT IS FURTHER ORDERED** that plaintiff's complaint is dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, without prejudice.


_____
Frederick R. Buckles
UNITED STATES MAGISTRATE JUDGE

Dated this 9th day of March, 2012.